**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| KIHEEM GRANT, §<br>§<br>  Plaintiff, §<br>§<br>v. §<br>§<br>TDCJ, *et al.*, §<br>§<br>  Defendants. § | Case No. 6:25-cv-370-JDK-KNM |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kiheem Grant, a prisoner confined within the Texas Department of Criminal Justice (TDCJ), through counsel, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff explains that he was involved in a force incident at the Coffield Unit on September 5, 2023—requiring him to be transported to the hospital with brain injuries which ultimately resulted in a coma.  Docket No. 2.  Plaintiff states that he awoke from his coma but suffers from long-term injuries, including "being paralyzed, having difficulty writing, and memory loss" due to lack of rehabilitative care.  *Id.* ¶¶ 101–09.  He insists that "recovery from his coma substantially limits one or more of his major life activities, including cognitive functions including being paralyzed, having difficulty writing and memory loss."  *Id.*  Plaintiff claims that Defendants University of Texas Medical Branch (UTMB) and TDCJ knew of these disabilities

1

because they were "open and obvious" and because his family requested accommodations. *Id.* ¶ 116.

Despite their knowledge of his disabilities, Plaintiff claims that Defendants intentionally discriminated against him within the meaning of the ADA when they failed to accommodate him by providing "rehabilitative care." *Id.* ¶ 117. Plaintiff argues that Defendant TDCJ refuses to provide reasonable accommodations and that Defendant UTMB continues to delay his referral for rehabilitative treatment. *Id.* ¶¶ 118–24.

Defendants UTMB and TDCJ filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 10. On June 17, 2026, Judge Mitchell issued a Report recommending that the Court grant the motion to dismiss and dismiss Plaintiff's ADA/RA claims because Plaintiff failed to plead or articulate facts showing that Defendants failed to reasonably accommodate his disabilities. Docket No. 18. Plaintiff filed timely objections. Docket No. 19.

## I.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Services, LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

Plaintiff raises three objections to the Report: (1) it erroneously required Plaintiff to plead the precise accommodation; (2) it incorrectly narrows the "open and

obvious" exception; and (3) it improperly characterizes Plaintiff's claim as a disagreement with his medical treatment. The Court addresses each objection in turn.

**A.**

Plaintiff first maintains that the Report improperly "concludes Plaintiff failed to identify or define the requested accommodation of 'rehabilitative care' in 'direct and specific terms' [as to] what specific form it might take (e.g., cognitive therapy, physical therapy, occupational therapy, or speech therapy)." He claims that the ADA does not require a plaintiff to plead or identify the precise accommodation necessary.

Normally, a plaintiff *is* required to identify the accommodation requested in "direct and specific" terms. *See Molosso v. Bd. of Supervs. Univ. of La. Sys.*, 2026 WL 799509, at *5 (5th Cir. 2026). Certainly, Plaintiff does not meet this standard when he alleges that he requested accommodation merely in the form of "rehabilitative care." *See Class v. Lumpkin*, 2023 WL 4763334, at *4 (5th Cir. July 26, 2023) ("Class does not allege that he requested any accommodations, such as assistance walking up the stairs, in direct and specific terms."); *see Knighton v. Univ. of Tex. at Arlington*, 2020 WL 1493554 (N.D. Tex. Mar. 27, 2020) (finding that a plaintiff failed to request accommodations in "direct and specific terms" when the only factual allegations she provided was that the employer was "aware of the disability" and that "she disclosed it to them on many occasions[]").

The only exception to the specific accommodation requirement is when plaintiff can show that the controlling entity's agents "knew or should have known" of the

plaintiff's disability because it was "open, obvious, and apparent" to the entity's agents. *See Windham v. Harris Cnty., Tex*, 875 F.3d 229, 237 (5th Cir. 2017). Such "open, obvious, and apparent" disabilities include "blindness, deafness, or being wheel-chair bound" because an entity's agents would see what accommodation is needed without the plaintiff telling the agents. *Id*. at 238; *see also McGee v. City of Austin*, 2025 WL 2601566, *5 (W.D. Tex. July 2, 2025) (plaintiff's poor hearing was "open, obvious, and apparent" because plaintiff was wearing hearing aids).

But here, Plaintiff's alleged injuries are not "open, obvious, and apparent" enough to fall under the exception. Memory loss, "difficulty writing," impaired cognitive functions, and unspecific "paralysis"—particularly given Plaintiff's lack of any factual enhancement—are not analogous to disabilities such as deafness, blindness, and being wheelchair bound. After all, "'[w]hen dealing in the amorphous world of mental disability,' it will often be impossible for a [public entity] to identify [his] specific disabilities, limitations, and possible accommodations." *Jin Choi v. Univ. of Tex. Health Sci. Cntr. at San Antonio*, 633 F. App'x 214, 216 (5th Cir. 2015) (quoting *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 144, 165 (5th Cir. 1996)) (employment context); *see also Wilson v. City of Southlake*, 2022 WL 17604575, at *5 (5th Cir. Dec. 13, 2022) ("Where a disability is mental, rather than physical, the disability, resulting limitations, and necessary reasonable accommodations are often not open, obvious, and apparent." (internal quotations and citation omitted)); *Windham*, 875 F.3d at 236 ("A critical component of a Title II claim for failure to

accommodate, however, is proof that the disability and its consequential limitations were known by the entity providing public services." (internal quotations omitted)).

Plaintiff cannot cure this deficiency by vaguely contesting that he and his family members repeatedly "requested accommodations"—at least not without more factual enhancement. *See Milteer v. Navarro Cnty.*, 652 F. Supp.3d 754, 763 n.10 (N.D. Tex. 2023) (a complaint alleging the plaintiff requested accommodations for PTSD and hearing loss was insufficient because there were no facts surrounding why accommodations were necessary, what sort of accommodations were requested, or why the requested accommodations were refused); *see also Doe v. Roberson*, 751 F.3d 383, 387 (5th Cir. 2014) ("A complaint must fail if it offers only 'naked assertions devoid of further factual enhancement.'") (citing *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's first objection is overruled.

### B.

In Plaintiff's second objection, he argues that the Magistrate Judge's Report improperly narrows the open and obvious exception by "improperly treat[ing] the examples in *Windham*—blindness, deafness, and being wheelchair bound—as exclusive rather than illustrative examples of conditions that qualify as 'open, obvious, and apparent' disabilities[.]" Docket No. 19 at 6. But the Report clearly states that Plaintiff's claimed injuries are not "like" blindness, deafness, and being wheelchair bound. Docket No. 18 at 10. Nothing indicates that Judge Mitchell was treating these as exclusive examples of "open, obvious, and apparent" disabilities.

Plaintiff's second objection is overruled.

## C.

In his final objection, Plaintiff asserts that the Report mischaracterizes his claim as mere disagreement with medical treatment. Docket No. 19 at 7. But once again, Plaintiff misinterprets the Report. It was Defendants that called Plaintiff's claim just a disagreement with medical treatment. All Judge Mitchell was saying was that regardless of how Plaintiff's ADA claims are framed, Plaintiff would still fail to state a claim because the Fifth Circuit has explicitly rejected ADA claims when a prisoner claims to be given poor medical treatment or inadequate facilities. Docket No. 18 at 11; *see Hale v. Harrison Cnty. Bd. of Supervisors*, 8 F.4th 399, 404 n.† (5th Cir. 2021) ("The ADA is not violated by a prison's simply failing to attend to the medical needs of its disabled prisoners, because the ADA does not set out a standard of care for medical treatment." (citation modified)); *Thomas v. Nino*, 2023 WL 4444974, at *16 (S.D. Tex. Jan. 25, 2023) ("A plaintiff cannot bring an ADA or RA claim simply by restating a claim of denial of medical care, and a plaintiff's disagreement with medical treatment likewise does not state a claim under the ADA or RA.").

Plaintiff's third objection is overruled.

## II.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly,

6

the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 18) as the opinion of the District Court.  Defendants' motion to dismiss (Docket No. 10) is **GRANTED**.  Plaintiff's claims are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **21st** day of **July, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE